IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | CASE NO. BK11-40147-TLS |
| ROBB LEE GRECKEL, ) | A11-4040-TLS |
| a.k.a. RLG CONSTRUCTION, ) | |
| fdba R & L ENTERPRISES, ) | CHAPTER 7 |
| ) | |
| Debtor(s). ) | |
| PLATTE VALLEY BANK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ROBB LEE GRECKEL, ) | |
| a.k.a. RLG CONSTRUCTION, ) | |
| fdba R & L ENTERPRISES, ) | |
| ) | |
| Defendant. ) | |

ORDER

  This matter is before the court on the plaintiff's motion for summary judgment (Fil. No. 15) and response by the defendant debtor (Fil. No. 22). Stacy C. Nossaman-Petitt represents the debtor, and Philip Kelly represents the plaintiff. The motion was taken under advisement as submitted without oral arguments.

  The debtor obtained financing and extensions of credit from the plaintiff Platte Valley Bank. The bank asserts that his representations to the bank and his personal financial statements, on which the bank relied, contained false statements concerning his financial condition, particularly his assets and liabilities. The bank filed this adversary proceeding to except the debt from discharge under 11 U.S.C. § 523(a)(2) and has moved for summary judgment, arguing that no genuine issue of material fact exists.

  The motion is denied.

  Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). On a motion for summary judgment, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Ricci v. DeStefano*, ___ U.S. ___, 129 S. Ct. 2658, 2677 (2009) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)). "Where the record taken as a whole

could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Id.* (quoting *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). "Although the burden of demonstrating the absence of any genuine issue of material fact rests on the movant, a nonmovant may not rest upon mere denials or allegations, but must instead set forth specific facts sufficient to raise a genuine issue for trial." *Wingate v. Gage Cnty. Sch. Dist., No. 34*, 528 F.3d 1074, 1078–79 (8th Cir. 2008). *See also Celotex Corp.*, 477 U.S. at 324 (where the nonmoving party "will bear the burden of proof at trial on a dispositive issue," the nonmoving party bears the burden of production under Rule 56 to "designate specific facts showing that there is a genuine issue for trial").

The Bankruptcy Code prohibits the discharge of a debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's . . . financial condition[.]" 11 U.S.C. § 523(a)(2)(A). To establish fraud within the context of § 523(a)(2)(A), the creditor must show, by a preponderance of the evidence, that: (1) the debtor made a representation; (2) the representation was made at a time when the debtor knew the representation was false; (3) the debtor made the representation deliberately and intentionally with the intention and purpose of deceiving the creditor; (4) the creditor justifiably relied on such representation; and (5) the creditor sustained a loss as the proximate result of the representation having been made. *R & R Ready Mix v. Freier (In re Freier)*, 604 F.3d 583, 587 (8th Cir. 2010).

To except a debt from discharge under 11 U.S.C. § 523(a)(2)(B), a creditor must prove, by a preponderance of the evidence, that the debtor obtained money by (1) use of a statement in writing that was materially false; (2) that pertained to his or his business's financial condition; (3) on which the plaintiff reasonably relied; and (4) that the debtor made with the intent to deceive the plaintiff. *Jacobus v. Binns (In re Binns)*, 328 B.R. 126, 129 (B.A.P. 8th Cir. 2005); *Northland Nat'l Bank v. Lindsey (In re Lindsey)*, 443 B.R. 808, 813 (B.A.P. 8th Cir. 2011).

The following facts are uncontroverted:

1. The debtor was a contractor and did business as RLG Construction and as R & L Enterprises.

2. The debtor first obtained an operating line of credit from Platte Valley Bank in May 2009.

3. On May 13, 2009, the debtor entered into several commercial security agreements giving the bank security interests in three vehicles and all equipment, inventory, accounts, and so forth.

4. The bank filed its U.C.C. financing statements on the debtor and his two business entities with the Nebraska Secretary of State on May 13, 2009.

5. The debtor paid the loan as agreed and his financing was renewed. He provided updated financial information, including lists of assets and liabilities, to the bank each time he requested additional credit.

6. On November 11, 2010, the defendant executed a promissory note, identified as Loan #17729, in the amount of $12,400.00 in favor of the bank.

7. On November 11, 2010, the debtor executed a promissory note, identified as Loan #18001, in the amount of $21,000.00 in favor of the bank.

8. Loan #17729 and Loan #18001 were both secured by financing statements and security agreements.

9. The bank filed a replevin action against the debtor in the District Court for Scotts Bluff County in November 2010. As a result, certain collateral was delivered to the bank and sold.

10. The debtor filed this Chapter 7 bankruptcy case on January 22, 2011.

11. The debtor owes approximately $21,100.00 in principal to the bank.

The bank argues that the debtor deliberately informed the bank of assets that he did not own, with the intention that the bank would rely on the collateral value in deciding to renew or grant him additional financing. In particular, the bank points to several thousand dollars' worth of tools and equipment listed by the debtor that subsequently turned out to be owned by his father, subject to a rent-to-own contract between them. The debtor did not include that contract among his liabilities.

There appears to be no real dispute over the first two elements of § 523(a)(2)(B). The parties testified in depositions that the debtor gave a list of his major assets to his loan officer, and the two of them discussed his other assets and available collateral while the loan officer filled out the financial statements for the debtor's review and signature.

As to the element of reasonable reliance, the loan officer testified that he would not have approved the loan or extension of credit if he had known that the debtor did not own all of the assets listed on the financial statements because the collateral for the loans would have been insufficient. Reasonable reliance is determined by looking at the totality of the circumstances. *First Nat'l Bank of Olathe v. Pontow (In re Pontow)*, 111 F.3d 604, 610 (8th Cir. 1997). The court may consider if there were any "red flags" that would have alerted the creditor to the possibility that the financial statement was not accurate and whether minimal investigation would have revealed the inaccuracy. *Id.* (citing *Coston v. Bank of Malvern (In re Coston)*, 991 F.2d 257, 261 (5th Cir. 1993) (en banc)). When a financial statement is inaccurate on its face, and the creditor has knowledge of the inaccuracies, any reliance by the creditor on the financial statement is unreasonable. *R & R Ready Mix, Inc. v. Freier (In re Freier)*, 402 B.R. 891, 899 (B.A.P. 8th Cir. 2009). In this case, there was no reason for the bank to know the financial statements were inaccurate.

The final element is the debtor's intent in submitting the inaccurate information to the bank. For discharge to be barred, the debtor must have acted with intent to deceive. A creditor may establish such intent by proving reckless indifference to or reckless disregard of the accuracy of the

information in a debtor's financial statement. *Fairfax State Sav. Bank v. McCleary (In re McCleary)*, 284 B.R. 876, 888 (Bankr. N.D. Iowa 2002). Factors to consider include whether the debtor was intelligent and experienced in financial matters, and whether there was a clear pattern of purposeful conduct. *Id.* (citations omitted). False statements or representations made under circumstances where the debtor should have known of the falsity are made with reckless disregard for the truth. *Merchants Nat'l Bank v. Moen (In re Moen)*, 238 B.R. 785, 791 (B.A.P. 8th Cir. 1999) (quoting *Fed. Trade Comm'n v. Duggan (In re Duggan)*, 169 B.R. 318, 324 (Bankr. E.D.N.Y. 1994)).

At the summary judgment stage, it is difficult to determine that a debtor acted with intent to deceive. The admitted double-counting of assets in the financial statements submitted to the bank raises some questions as to the debtor's intent, as does the evidence that he did not inform the bank of his February 2009 rent-to-own contract with his father until after the bank filed its replevin action in late 2010. However, it would be beneficial to hear directly from the debtor on these issues. Therefore, the motion will be denied and the matter will be scheduled for trial.

IT IS ORDERED: The plaintiff's motion for summary judgment (Fil. No. 15) is denied. The Clerk shall set this case for trial.

DATED:  November 17, 2011.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    Stacy C. Nossaman-Petitt
    *Philip Kelly
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.